Per Curiam.

The first objection to the plaintiff’s recovery rests ón a matter of form, arising from the fictitious proceedings in ejectment. That action, in practice, is confined ■to the trial of the title only. The damages are nominal, and are not given in satisfaction of the mesne profits which have long been the subject-óf a distinct action.(a) They are ne *340 cessary only to entitle the plaintiff to recover costs, and certainly cannot preclude him from a recovery of the mesne profits any more than the entry oí a. remit tur upon a judgment by default against the casual ejector. The latter is an express release of the damages upon record, and the former is such by inference only. Both are forms, and do not affect the substantial rights of the parties.
... As to the second point, the judgment in ejectment is conclusive of the right of possession, and of the title to the mesne profits from the time of the demise laid in the declaration.(b) That time must always be laid at, or subsequent to *341 the period when the plaintiff’s right accrued. If laid before, he would .fail in the ejectment.(c) By the recovery in. that action, the right to the mesne profits is, therefore, established from the time of the demise, and the defendant cannot again in this action dispute it.. If permitted, it would always lead *342 to a second trial ,of the merits, already determined in the ejectment, and in a great degree render that action-nugatory.
The buildings and improvements (if any) were made antecedent To the time when the plaintiff’s title accrued, and are pretended tó have been made in pursuance of á contract with Lowrens Van Alen, or his agent. If the defendant is entitled to compensation for these improvements, he must seek it from the personal representatives of Lowrens Van Alen,, and not from the plaintiff. His right under the con-[*284] tract (if any existed) with Lowrens *Van Alen • terminated at his death, and he cannot charge the plaintiff, a devisee with the -injury or damage sustained in consequence of it.
We are, therefore, of opinion, that- the plaintiff is entitled to judgment.
Rule refused.

 Steph. N.P. 1455. The right to mgnse profits is consequential to :a recovery in the action of ejectment; Benson v. Matsdorf, 2 John's. R. 369. Baron v. Abeel, 3 id. 481; Langendyck v. Burhans, 11 id. 461; Jackson v. *340 Stone, 13 id. 447; Murphy v. Guion, 2 Hayw. 145 Battin v. Bigelow, Pet. C. C. 452; Duffield v. Still, 2 Dallas, 156; Fenne v. Salle, 1 Yeates, 154; Trabue v. Kellar, 3 A. K. Marsh. 517; and they may be recovered by way of damages in ejectment; Boyd v. Cowan, 4 Dallas, 138; see Burton v. Austin, 4 Verm. R. 105; Lyman v. Mower, 6 Verm. R. 345; see Stansbury v. Dean, Brayt. 166; though as appeal's by the principal case the recovery of nominal damages in ejectment is lio bar to an action of trespass for such profits, though the form of action in general use is trespass. Steph. N. P. 1490, 1491. The New York Revised Statutes have abolished the action'of trespass for mesne profits in that state.; Jackson v. Leoarnd, 6 Wend. 534; and substituted a more simple and expeditious remedy. The plaintiff within one year after thedocketing of the judgment in ejectment may make and file a suggestion of his claim for mesne profits which shall be entered with the proceedings thereon upon the record of such judgment or be attached thereto as a continuation of the same. Such suggestions shall be substantially in the form of a declaration in assumpsit for use and occupation as near as may be, and it shall be served on. the defendant in the same manner as a declaration in ejectment, and a rule to plead thereto shall be entered, and notice thereof given, in the same manner, as upon declarations in personal actions. 2 R. S. 310, § 44, 45. For the practice in New York upon proceedings for '¿mesne profits, see Gra. Prac. 2d edit. 853-856.

 In trespass for mesne profits the record of recovery in ejectment is conclusive of the title of the lessor of the plaintiff at the date'of the demise though not of the time when the possession commenced. Poston v. Jones, 2 Dev. & Batt. 294. Chirac v. Reinecher, 11 Wheat. 280, Whitington v. Christian, 2 Rand. 353. See also Aslin v. Parkin, cited infra n. (c.) And no defence can be set up in bar of this action which would have been a bar in the action of ejectment. Baron v. Abeel, 3 Johns. R. 481. But a judgment in ejectment is in no case conclusive evidence of title in the action for mesne profits, unless it be pleaded by way of estoppel. Therefore, under a plea (to a declaration in the ordinary form,) that the premises in the declaration mentioned were not the premises of the plaintiff, it was held, that the defendant might give *341 evidence of title in himself, though he had let judgment go by default in the ejectment. Per Tindal, C. J.. in Doe v. Harvey, 8 Bing. 941, 249. Doe v. Huddart, (Sir Joseph,) 1 C. M. & R. 316. 4 Dowl. P. C. 437. Doe d. Strode v. Seaton, 2 C. M. & R. 732. To a declaration in trespass by John Doe as plaintiff, the defendant pleaded, that the premises were not the premises of the plaintiff: and it was determined, that, under this plea, the defendant was at liberty to prove title in himself, the judgment in ejectment not being conclusive against the defendant, unless shown upon the record. Id. Bull. N. P. 232. 4 Bac. Abr. Evidence (F.) 90. 2 Steph. N. P. 1495.

 If the demise is laid before the title of the plaintiff’s lessor accrues, the plaintiff cannot maintain his action ; Coxe v. Joiner, 3 Bibb, 297 ; for if the lessor have not a right to enter he cannot have a right to demise the lands, and consequently the plaintiff must be nonsuited at the trial, for his lessor cannot be supposed to have made an illegal demise. Goodtitle ex dem. Gallaway v. Herbert, 4 T. R. 680. Steph. N. P. 1418. Thus where the demise in a declaration in ejectment was stated to be on the 1st of January, 1801, and the conveyance offered in evidence under which the plaintiff claimed, was dated on the 23d of February, 1802, it was held that the plaintiff could no't recover. Wood v. Grundy, 3 Harr. &. J. 13. Where an entry is necessary the demise must be laid after it; Doe ex dem, Compere v. Hicks, 7 T. R. 433, 727; but in general an entry is not necessary to maintain ejectment, the question in this action being not whether the plaintiff has entered, but whether he may enter; Jackson v. Crysler, sup. 125 ; where it is said it is not necessary in any case except to avoid a fine; Rugge v. Ellis, 1 Bay, 107; Miller v. Shackleford, 3 Dana, 289; Carlisle v. Sittler, 1 Penns. R. 6 ; and, therefore, the demise may be laid at any time after the right to enter accrued. Thus for example, in an ejectment by an administrator it may be laid on a day after the intestate’s death, and before the grant of letters of administration. Lessee of Patten v. Patten, 1 Alcock & Napier, 493. And in the same action on the demise of an heir, where the demise was laid on the day his ancestor died, it was held, sufficient after verdict. Roe ex dem. Wrangham v. Hersey, 3 Wils. 274. The demise should be laid as far back as the lessor’s title will permit, because the judgment in ejectment is conclusive evidence as to the title of the lessor for all the mesne profits accruing subsequently to the day of the demise; Aslin v. Parkin, 1 Burr. 665 ; and where there are any doubts as to the period when the lessor’s title accrued, it is customary to. state the different demises by him on different days. Steph. Ñ. P. ut supra. Consult also Tillinghast’s Adams on Ejectment, 247. 4 Phill. Ev. Cowen & Hill’s edit. 264. 2 Greenl. Ev. 251, $304.